UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STACIE WHITNEY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 4:25-cv-1295-MTS |
| AMERICAN AIRLINES, | ) ) ) |
| Defendant. | ) ) |

## **MEMORANDUM AND ORDER**

After Plaintiff filed her Complaint in this matter, the Clerk of Court eventually entered default against Defendant for its failure to plead or otherwise defend.  Doc. [7]. Defendant eventually appeared, sought vacatur of the entry of default, and filed an Answer.  In those filings, Defendant noted that the Complaint that Plaintiff served upon it was different than the Complaint on CM/ECF, the Complaint that Plaintiff filed with the Court.  *See* Doc. [13] n.1.  To clear up the legitimate confusion about the operative pleading in this matter, the Court required Plaintiff to file an Amended Complaint.  Doc. [33].  Plaintiff timely did so.  Doc. [35].  And Defendant timely moved to dismiss it. Doc. [39]; *see also* Fed. R. Civ. P. 12(b)(6).  Plaintiff opposed the Motion, Doc. [41], and subsequently sought leave to file a Second Amended Complaint, Doc. [43].

The Federal Rules of Civil Procedure generally provide plaintiffs with the ability to amend a complaint once as a matter of course within twenty-one days after service of a motion under Rule 12(b).  *See* Fed. R. Civ. P. 15(a)(1); *see also* 6 *Wright & Miller's Federal Practice and Procedure* § 1474 (3d ed.) ("Perhaps the most common use of Rule

15(a) is by a party seeking to amend in order to cure a defective pleading."). Plaintiff here has not amended her pleading as a matter of course in this litigation. To the extent that Plaintiff no longer may amend her pleading as a matter of course because the Court required her to file an amended complaint, the Court would grant her leave to amend. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); *see also Allen v. Semi Trucking, LLC*, 4:23-cv-0639-MTS, 2025 WL 3687386, at *1 (E.D. Mo. Dec. 19, 2025) (discussing the "liberal amendment standard that the Federal Rules establish").

The Court therefore will allow Plaintiff to file her Second Amended Complaint and will provide her through Monday, February 02, 2026, to do so. The Court cautions Plaintiff, though, that barring particularly unusual circumstances, it will <u>not</u> allow amendment again in response to a dispositive motion. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (recognizing the "repeated failure to cure deficiencies by amendments previously allowed" as a reason to deny leave to amend); *accord Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) ("A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended."). Plaintiff, therefore, should amend her pleading carefully.[*]

Accordingly,

---

[*] The Court reminds Plaintiff that, once she files her Second Amended Complaint, her previous complaints will no longer perform any function in this case, and only what Plaintiff alleges in her Second Amended Complaint will govern. *See Schlafly v. Eagle Forum*, 970 F.3d 924, 933 (8th Cir. 2020); *Gross v. White*, 340 F. App'x 527, 534 (11th Cir. 2009) (per curiam).

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend, Doc. [43], is **GRANTED**. Plaintiff shall file her Second Amended Complaint no later than **Monday**, **February 02, 2026**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the First Amended Complaint, Doc. [39], is **DENIED** without prejudice as moot in light of the forthcoming Second Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Discovery, Doc. [45], is **GRANTED**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Compel, Doc. [44], is **DENIED** without prejudice.

Dated this 26th day of January 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE