**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| STACIE WHITNEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-1295-MTS |
| | ) | |
| AMERICAN AIRLINES, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

Defendant American Airlines seeks the dismissal of *pro se* Plaintiff Stacie Whitney's Second Amended Complaint for failure to state a claim upon which relief can be granted.  Doc. [53]; *see also* Fed. R. Civ. P. 12(b)(6).  The Court has reviewed Plaintiff's Second Amended Complaint, Doc. [51], as well as all the briefing on Defendant's Motion, Doc. [54]–[56].  After due consideration, the Court concludes that, even when taking Plaintiff's well-pleaded factual allegations "as true" and granting "all reasonable inferences" in her favor, *see Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010), she has failed to plead a plausible claim of discrimination and retaliation under the Americans with Disabilities Act ("ADA"), *see Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014–15 (8th Cir. 2013) (explaining that a discrimination complaint must contain enough factual allegations to "raise a right to relief above the speculative level").

\*

Plaintiff alleges that she worked as a Customer Service Agent and later a Customer Assistant Representative for Defendant in St. Louis.  Plaintiff has "ADHD and

documented hearing loss," and she states that those impairments "substantially limit major life activities." Doc. [51] ¶ 8. She "disclosed her disabilities [to Defendant] during new-hire training in August 2022." *Id.* ¶ 9. Around thirty-two months later, Defendant terminated Plaintiff's employment, and she later filed this action alleging one count of disability discrimination and one count of retaliation under the ADA. *Id.* ¶¶ 62–77. For at least two reasons, Plaintiff's Second Amended Complaint fails to state a claim.

*First*, Plaintiff's pleading fails to show that she has a disability under the ADA. While she states that her attention-deficit/hyperactivity disorder and hearing loss substantially limit major life activities, she pleads no facts supporting that conclusion. *See Hale v. King*, 642 F.3d 492, 502 (5th Cir. 2011) (per curiam) (affirming dismissal of ADA claim where plaintiff "failed to allege facts from which [the court] can reasonably infer that [his] medical conditions substantially limited a major life activity"); *see also Cook v. George's, Inc.*, 952 F.3d 935, 941 (8th Cir. 2020) (Stras, J., dissenting) (concluding that dismissal of ADA claim should be affirmed based on the complaint's reliance on "a conclusory assertion lacking even a *single fact* in support" of a required element even though the issue was not raised below).

Attention-deficit/hyperactivity disorder and hearing loss can qualify as disabilities under the ADA, but not in all cases. *See Rodriguez v. Alcoa Inc.*, 805 F. Supp. 2d 310, 316 (S.D. Tex. 2011); *Pepper v. Brown Univ.*, 701 F. Supp. 3d 201, 208 (D.R.I. 2023), *aff'd*, No. 23-2041, 2025 WL 3531603 (1st Cir. Sept. 12, 2025). *See also Samuels v. Kan. City Mo. Sch. Dist.*, 437 F.3d 797, 801 (8th Cir. 2006) (noting a "medical diagnosis of an impairment" alone is "insufficient" to establish a disability under the ADA).

- 2 -

Hearing loss, for example, can mean an individual has only a "slight inability" "to perceive sound." *See* Hearing Impairment, *Stedman's Medical Dictionary* (Nov. 2014). Without pleading facts showing that her impairments substantially limit major life activities, an ADA element "of threshold importance," Plaintiff does not state a claim. *See Lundquist v. Rice Mem'l Hosp.*, 121 F. App'x 664, 667 (8th Cir. 2005) (per curiam); *see, e.g.*, *Davis v. Chenega Corp.*, 4:24-cv-1381-MTS, 2024 WL 5106473, at *1 (E.D. Mo. Dec. 13, 2024).  *See also* Joseph A. Seiner, *Pleading Disability*, 51 B.C. L. Rev. 95, 133 (2010) (noting a complaint should "include the specific major life activity that is affected by the impairment" and "any relevant factual detail" showing that the identified activity is "substantially limited").

*Second*, Plaintiff has not linked her impairments or the exercise of her rights under the ADA to any adverse action.  While Plaintiff need not have pleaded "facts establishing a prima facie case of discrimination under *McDonnell Douglas* in order to defeat a motion to dismiss," her pleading needed to contain enough facts to state a claim for relief that is plausible on its face.  *See Hager*, 735 F.3d at 1014.  Her Second Amended Complaint does not do so.  No factual allegations connect her alleged disabilities to any adverse action taken by Defendant.  *See Chalfant v. Titan Distrib., Inc.*, 475 F.3d 982, 991 (8th Cir. 2007) (explaining that an "adverse action by itself is not sufficient for a successful claim under the ADA" because "the disability must be a motivating factor in the employer's decision for the adverse action").

There are "a number of ways" a plaintiff may "support an inference of discrimination" within a complaint.  *Golod v. Bank of Am. Corp.*, 403 F. App'x 699, 703

- 3 -

n.2 (3d Cir. 2010); *accord Cook*, 952 F.3d at 939 (noting that the elements of a prima facie case of ADA discrimination are "part of the background against which a plausibility determination should be made").  Here, Plaintiff failed to provide the facts necessary to make such an inference.  For example, Plaintiff does not allege any disability-related comments or conduct before her termination.  *See Hager*, 735 F.3d at 1014; *Carrero-Ojeda v. Autoridad de Energia Electrica*, 755 F.3d 711, 720 (1st Cir. 2014) (noting lack of pleaded "negative comments, complaints, or expressions" by superiors or co-workers).  Nor does she allege facts showing that similarly situated employees were treated differently.  *See Hager*, 735 F.3d at 1014; *Ingram v. Ark. Dep't of Correction*, 91 F.4th 924, 928 (8th Cir. 2024) (noting proffered comparators in the complaint were not similarly situated in all relevant respects to the plaintiff as required).  Despite her burden, Plaintiff did not "allege sufficient facts to allow the court to draw the reasonable inference that [Defendant] engaged in discrimination."  *See Andrews v. City of Hartford*, 700 F. App'x 924, 926 (11th Cir. 2017) (per curiam).  This conclusion is true regardless of whether the "less restrictive mixed-motive causation standard" or the more stringent "but-for causation standard" applies to her discrimination claim.  *See Oehmke v. Medtronic, Inc.*, 844 F.3d 748, 757 n.6 (8th Cir. 2016).  *See also Davis*, 2024 WL 5106473, at *2 n.3.

Plaintiff's retaliation claim fails for the same reason.  The Court will assume, without deciding, that Plaintiff's March 30, 2025, statement to a manager about her hearing loss—made as her termination appeared imminent—constituted protected activity under the ADA.  But even with that assumption, her pleading fails to allege facts

allowing for an inference of the required "but-for causal connection" between that reference to her hearing loss and any adverse action. *See Oehmke*, 844 F.3d at 758.

Plaintiff's pleading not only fails to link her impairments or protected activity to any adverse action, but it also affirmatively "supports an alternative conclusion." *See Ingram*, 91 F.4th at 928. Plaintiff pleads that Defendant terminated her "based on the findings of [an] investigation," Doc. [51] ¶ 48, not based on any disability or protected activity. She also pleads that she had prior "Level 1" and "Level 2" disciplinary actions taken against her. *Id.* ¶¶ 18–19, 56b. All these disciplinary actions took place over many months and occurred long after Plaintiff disclosed her impairments to Defendant at her new-hire training. *Id.* ¶ 9; *cf. Germanowski v. Harris*, 854 F.3d 68, 74–75 (1st Cir. 2017) (explaining that temporal proximity can support, but does not necessarily establish, plausibility). Thus, rather than provide facts linking her disability or a protected activity under the ADA with her termination, she alleges a months-long history of disciplinary problems, culminating in an investigation that found her culpable for misconduct. "As between that 'obvious alternative explanation'" for her termination and "the purposeful, invidious discrimination [Plaintiff] asks [the Court] to infer, discrimination is not a plausible conclusion." *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007)).

* * *

Plaintiff failed to plead facts that show she has a disability under the ADA. Even if her alleged impairments qualified, Plaintiff also failed to plead facts that plausibly link her impairments or her assertion of her ADA rights to any adverse action taken against

- 5 -

- 6 -

her.   Instead, she pleaded facts showing that Defendant gradually disciplined her for multiple incidents and eventually fired her, thirty-two months after she disclosed her impairments, based on the findings of an investigation into her conduct.   The Court therefore will grant Defendant's Motion to Dismiss.   Since the Court previously allowed Plaintiff to amend her pleading, *see* Doc. [50] (2026 WL 195922), the Court will dismiss this action with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, Doc. [53], is **GRANTED**.   The Court will enter herewith an Order of Dismissal dismissing this action with prejudice.

Dated this 27th day of April 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE